# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RACE WINNING BRANDS, INC., | ) |
| Plaintiff, | ) C.A. No.: |
| v. | ) |
| SEAN CRAWFORD and EVAN PERKINS, | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Sean Crawford and Evan Perkins (collectively, "Defendants") hereby remove the above-captioned matter from the Delaware Court of Chancery to the United States District Court for the District of Delaware. In support of this Notice of Removal, Defendants state as follow:

### Introduction

1. On August 2, 2022, Plaintiff Race Winning Brands ("RWB") filed a complaint in the Delaware Court of Chancery captioned *Race Winning Brands, Inc. v. Sean Crawford and Evan Perkins*, Case No. 2022-0675-JTL (the "Complaint"). In the Complaint, RWB purports to allege claims of breach of contract, unjust enrichment, tortious interference in contract, unfair competition and misappropriation/threatened misappropriation of trade secrets, and civil theft and conversion against the Defendants.

2. Defendant Evan Perkins was served with the Summons and Complaint on August 12, 2022. On August 29, 2022, counsel for Defendants agreed to accept service on behalf of Defendant Sean Crawford. The Summons and Complaint are attached as **Exhibit A**.

3. As set forth below, there is complete diversity amongst the parties and the amount in controversy exceeds $75,000. Therefore, the action should be removed.

{01835909;v1 }

**Diversity of Citizenship**

4.     For purposes of diversity jurisdiction, a corporation is a citizen of both the state of its incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1).

5.     Upon information and belief, at the time the action was filed and at the time of removal, Plaintiff RWB was and is a corporation incorporated pursuant to the laws of the State of Delaware, with its principal place of business located in Mentor, Ohio. (*See* Ex. A, Compl. ¶ 1 (alleging that Plaintiff RWB's principal place of business is in Mentor, Ohio).)[1] RWB is, therefore, a citizen of Delaware and Ohio for purposes of diversity jurisdiction.

6.     To establish citizenship for diversity purposes, a natural person must be both a citizen of the United States and a domiciliary of one particular state. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). A person's domicile is the place where he or she resides with the intention to remain. *Miss Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).

7.     Defendant Sean Crawford is a former employee of RWB and is a citizen of the United States. Contrary to the allegation in paragraph 5 of the Complaint, at the time that this action was filed and at the time of removal, Mr. Crawford was, and is, a domiciliary of the Commonwealth of Kentucky. (*See* Declaration of Sean Crawford, attached as **Exhibit C**.)[2]

---

[1]     Upon information and belief, RWB's complaint misstates its state of incorporation. Attached as **Exhibit B** are the search results for "Race Winning Brands, Inc." from both the Delaware Secretary of State business entity search and the Ohio Secretary of State business search websites, which state that RWB is a Delaware corporation, not an Ohio corporation. As demonstrated below (¶¶ 6-9), whether RWB is an Ohio corporation (as alleged) or a Delaware corporation (as reflected by both Delaware and Ohio Secretary of State records) does not affect the diversity of citizenship analysis.

[2]     Plaintiff RWB was, of course, aware of this fact before it filed the Complaint, because it made the same incorrect allegation about Defendant Crawford's domiciliary in a complaint it filed against Defendants in Ohio state court in March 2021. On April 2, 2021, Defendants removed that case to the United States District Court for the Northern District of Ohio and

8. Defendant Evan Perkins is a former employee of RWB and is a citizen of the United States. At the time that this action was filed and at the time of removal, Mr. Perkins was, and is, a domiciliary of the state of California. (*See* Ex. A, Compl. ¶ 6.)

9. Accordingly, because none of the Defendants is a domiciliary of Delaware or Ohio, there is diversity of citizenship in this case.

### Amount in Controversy

10. Pursuant to 28 U.S.C. § 1332(a), for purposes of diversity jurisdiction, the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]"

11. Plaintiff RWB does not specify any of the damages it seeks in the Complaint. However, as part of the relief it seeks, RWB seeks the disgorgement of Defendants' "salary and other benefits" that they have earned since they left RWB and began working for their current employer. (*See* Ex. A, Compl. ¶¶ 46, 48 and Prayer For Relief ¶ f.) Although Defendants deny that RWB is entitled to any relief, Defendant Crawford has earned salary and other benefits from his current employer in excess of $75,000. (*See* **Exhibit C**, ¶ 7.)

12. Accordingly, the amount in controversy "exceeds the sum or value of $75,000" necessary for removal on the grounds of diversity jurisdiction. (*See* 28 U.S.C. § 1332(a).)

### Conclusion

13. Because there is diversity of citizenship in this case and the amount in controversy exceeds $75,000, exclusive of interest and costs, the requirements of federal subject matter jurisdiction are satisfied.

---

provided evidence then that Mr. Crawford left Ohio and moved to Kentucky in May 2020. *See Race Winning Brands, Inc. v. Crawford, et al.*, No. 1:21-cv-00725-JPC, ECF No. 1 (N.D. Ohio Apr. 2, 2021).

14. Pursuant to 28 U.S.C. § 1446(d), upon the filing of this Notice of Removal, Defendants will serve written notice thereof on Plaintiff RWB as described in the Certificate of Service.

15. Pursuant to 28 U.S.C. § 1446(d), upon the filing of this Notice of Removal, Defendants will promptly notify and file with the Register in Chancery for the Delaware Court of Chancery a notice of the filing of this Notice of Removal.

|  |  |
|---|---|
| | ASHBY & GEDDES |
| | /s/ Philip Trainer, Jr. |
| | Philip Trainer, Jr. (#2788) |
| *Of Counsel:* | Tiffany Geyer Lydon (#3950) |
| | 500 Delaware Avenue |
| Todd J. Ohlms (*pro hac vice* forthcoming) | P.O. Box 1150 |
| **PROSKAUER ROSE LLP** | Wilmington, DE 19899 |
| 70 West Madison, Suite 3800 | ptrainer@ashbygeddes.com |
| Chicago, IL 60602 | tlydon@ashbygeddes.com |
| tohlms@proskauer.com | |
| | *Attorneys for Defendants* |
| | *Sean Crawford and Evan Perkins* |
| Jordan B. Leader (*pro hac vice* forthcoming) | |
| Javier F. Sosa (*pro hac vice* forthcoming) | |
| **PROSKAUER ROSE LLP** | |
| Eleven Times Square | |
| New York, NY 10036 | |
| jleader@proskauer.com | |
| jsosa@proskauer.com | |

Dated: September 9, 2022

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 9, 2022 a true and correct copy of the foregoing *Notice of Removal* was filed through the Court's ECF/CM system and served via e-mail upon the following counsel for the Plaintiff:

Melissa N. Donimirski
**HEYMAN ENERIO GATTUSO & HIRZEL LLP**
300 Delaware Avenue, Suite 200
Wilmington, Delaware 19801
mdonimirski@hegh.law

*/s/ Philip Trainer, Jr.*

Philip Trainer, Jr. (#2788)