# EXHIBIT A

EFiled: Aug 02 2022 01:59PM EDT
Transaction ID 67890863
Case No. 2022-0675-

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| RACE WINNING BRANDS, INC., | : |
| Plaintiff, | : |
| v. | : C.A. No. |
| SEAN CRAWFORD and EVAN PERKINS, | : |
| Defendants. | : |

## VERIFIED COMPLAINT

Plaintiff Race Winning Brands, Inc. (hereinafter "RWB"), for its Complaint against Defendants, avers and alleges:

## PARTIES

1. Plaintiff RWB is a privately-held corporation organized and existing under the laws of the State of Ohio, with its principal place of business at 7201 Industrial Park Boulevard, Mentor, Ohio, 44060.

2. Jurisdiction and venue are proper in this Court because RWB and each of the Defendants, respectively, executed Confidential Information, Non-Solicitation and Intellectual Property Agreements (collectively "Agreements"), which require exclusive jurisdiction and venue in Delaware courts. True and correct copies of the Agreements are attached hereto as Exhibits A and B, respectively and incorporated herein by reference.

3. Over the past 100 years, RWB has grown into the world's leading manufacturer of racing and high-performance parts sold in automotive and powersports markets, including both engine and drive-line performance components.

4. Plaintiff RWB has many direct competitors in multiple markets, including Holley Performance Parts, Inc. located in the State of Kentucky. Holley not only directly competes with RWB in existing parts markets, there is reason for RWB to fear or anticipate that Holley will expand its business into other markets in which Plaintiff presently competes and does business, such as the performance-piston market.

5. Defendant Crawford is a former employee of RWB, worked for RWB in its Mentor, Ohio headquarters, and at all times material hereto was a resident of the State of Ohio.

6. Defendant Perkins is a former employee of RWB, worked for RWB out of his home in Upland, California, and at all times material hereto was a resident of the State of California.

## FACTUAL ALLEGATIONS

7. On September 5, 2017 Plaintiff RWB hired Defendant Perkins to work as its Manager of Content Marketing, from his home in California. Following Defendant Perkins' hire he was entrusted with and given access to some of RWB's most valuable confidential information and trade secrets.

8.     In September, 2017 Defendant Perkins entered into a written confidentiality agreement with RWB.  In pertinent part, Defendant Perkins promised in that agreement that he would not use, reveal, share, provide access to, transfer, copy, distribute, publish or otherwise disclose to any unauthorized person, or use for his own account, any confidential information of Plaintiff RWB without its written consent, either during or after his employment with Plaintiff RWB.  *See* Exhibit A.

9.     In pertinent part, such confidentiality agreement included a promise by Defendant Perkins that for one (1) year following termination of his RWB employment he would not directly or indirectly induce or attempt to induce any RWB employee to suspend, decrease or terminate his or her employment with RWB.

10.    Thereafter, and in reliance upon the foregoing agreement, RWB entrusted Defendant Perkins with its proprietary confidential and trade secret information, information valuable to RWB's present and future competitors, including, but not limited to:  RWB's research and development information for future products; RWB's engineering drawings, including failures and challenges with products; RWB's product cost and pricing; RWB's quality reporting and updates; RWB's customer lists, customer contacts and customer sales; RWB's event information; RWB's organizational charts and key employees; and, RWB's "go to market" strategy, promotions and sales.

11. Thereafter, Defendant Perkins quit and terminated his employment with RWB, effective May 5, 2020.

12. Unbeknownst to RWB at the time Defendant Perkins quit, Defendant Perkins had performed a full backup of his RWB MacBook computer to an external digital hard drive on May 4, 2020 and May 5, 2020. The external hard drive was also used on May 2, 2020. Google drive was accessed by Defendant Perkins heavily that same week, and Defendant Perkins otherwise accessed RWB's product information. Such was done by Defendant Perkins surreptitiously and without RWB's consent, and constituted a wanton and malicious civil theft, conversion and misappropriation of RWB's confidential and trade secret information.

13. Also unbeknownst to RWB at the time Defendant Perkins quit, before departing RWB or at the time he departed RWB Defendant Perkins, inexplicably, deleted all emails from his RWB computer before returning it to RWB.

14. On or about January 23, 2006 Plaintiff RWB (through its predecessor) hired Defendant Crawford to work for RWB in Mentor, Ohio. Following Defendant Crawford's hire he was entrusted with and given access to some of RWB's *most* valuable confidential information and trade secrets.

15. In March 2017, while working for RWB as its Director of Marketing, and prior to his promotion to the position of President of RWB's J.E. Pistons Division, Defendant Crawford entered into a written confidentiality agreement with RWB. In

pertinent part, Defendant Crawford promised in that agreement that he would not use, reveal, share, provide access to, transfer, copy, distribute, publish or otherwise disclose to any unauthorized person, or use for his own account, any confidential information of Plaintiff RWB without its written consent, either during or after his employment with Plaintiff RWB.  *See* Exhibit B.

16.     In pertinent part, such confidentiality agreement included a promise by Defendant Crawford that for one (1) year following termination of his RWB employment he would not directly or indirectly induce or attempt to induce any RWB employee to suspend, decrease or terminate his or her employment with RWB.

17.     In March 2017, Defendant Crawford also entered into a stock grant agreement with respect to which Plaintiff RWB was an intended third-party beneficiary.  In pertinent part, that stock grant agreement contained legally enforceable restrictions against unfair competition with Plaintiff RWB for two (2) years following termination of his employment with RWB.  Such agreement provided further promises by Defendant Crawford that he would always keep confidential the confidential and trade secret information with which he was entrusted.  Such agreement is confidential and is being filed herewith separately under seal as Exhibit C and incorporated herein by reference.

18.     Thereafter, and in reliance upon those agreements Plaintiff RWB entrusted Defendant Crawford with its proprietary confidential and trade secret

information, information valuable to Plaintiff RWB's present and future competitors, including, but not limited to: RWB's five-year strategy, including its international strategy in Europe and beyond; all of RWB's marketing information, marketing strategies, promotions and sales; RWB's research and development for future products; RWB's engineering drawings and information concerning any failure or challenge with products; RWB's profit/loss analyses and statements, including product costs and product pricing; RWB's quality reporting and updates; RWB's customer list, customer contacts, products sold and future anticipated sales; RWB's organization charts and key personnel; and, RWB's event information.

19.   Unbeknownst to RWB at the time Defendant Crawford quit, Defendant Crawford accessed and/or copied *inter alia* RWB's monthly sales forecast and J.E. Piston's website updates. In addition, Defendant Crawford visited Google drive throughout April and May 2020. To the extent such and other things were done for a reason other than required performance of his duties as an employee of RWB, such was done by Defendant Crawford without RWB's consent and constituted a wanton and malicious civil theft, conversion and misappropriation of RWB's confidential and trade secret information.

20.   Upon information and belief, before Defendant Perkins departed RWB, or immediately following termination of his employment with RWB, Defendant

Perkins entered into discussions with Holly Performance Parts, Inc., and agreed to work for Holley Performance Parts, Inc.

21. Upon information and belief, before Defendant Crawford departed RWB, or immediately following termination of his employment with RWB, Defendant Crawford entered into discussions with Holly Performance Parts, Inc., and agreed to work for Holley Performance Parts, Inc., in direct breach of the promise of non-competition contained in his stock grant agreement.

22. Upon recent information and belief, since the summer of last year Holley Performance Parts, Inc., has publicly touted its good fortune in hiring at least three RWB employees, including Defendants Perkins and Crawford (as its new Chief Marketing Officer).

23. At all times material hereto, Defendant Crawford knew or knew with substantial certainty that Defendant Perkins had a confidentiality agreement with RWB.

24. At all times material hereto, Defendant Perkins knew or knew with substantial certainty that Defendant Crawford had a confidentiality agreement with RWB.

25. Upon information and belief, Defendants Crawford and Perkins, one or both of them, tortiously interfered, induced or aided and abetted a former employee of RWB to breach his agreement(s) with RWB.

## FIRST CLAIM FOR RELIEF
## BREACH OF CONTRACT

26. Plaintiff realleges and incorporates herein by reference the allegations set forth in the preceding paragraphs of this Complaint.

27. The actions of Defendant Crawford, described above, were and are in bad faith and constitute substantial and material breaches and/or threatened future breaches of the agreements between Plaintiff and Defendant Crawford.

28. As a direct, natural and proximate result of such and other conduct by Defendant Crawford, RWB has been and will continue to be damaged.

29. The actions of Defendant Perkins, described above, were and are in bad faith and constitute substantial and material breaches and/or threatened future breaches of the agreements between Plaintiff and Defendant Perkins.

30. As a direct, natural and proximate result of such and other conduct by Defendant Perkins, RWB has been and will continue to be damaged.

## SECOND CLAIM FOR RELIEF
## UNJUST ENRICHMENT

31. Plaintiff realleges and incorporates herein by reference the allegations set forth in the preceding paragraphs of this Complaint.

32. Defendant Crawford, in bad faith and while breaching or planning to breach his agreements with RWB, unjustly enriched himself by accepting new

employment with one of RWB's direct competitors and by misappropriating and stealing and converting the confidential and trade secret information of RWB.

33. Defendant Crawford threatens to continue to unjustly enrich himself, and others, by retaining his employment with Holley to the detriment and continuing damage of RWB in an amount to be determined at trial.

34. As a direct and proximate result of such and other conduct by Defendant Crawford, RWB has been damaged and is threatened with additional damage.

35. Defendant Perkins threatens to continue to unjustly enrich himself, and others, by retaining his employment with Holley to the detriment and continuing damage of RWB in an amount to be determined at trial.

36. As a direct and proximate result of such and other conduct by Defendant Perkins, RWB has been damaged and is threatened with additional damage.

## THIRD CLAIM FOR RELIEF
## TORTIOUS INTERFERENCE IN CONTRACT

37. Plaintiff realleges and incorporates herein by reference the allegations set forth in the preceding paragraphs of this Complaint.

38. Upon information and belief, Defendants Crawford and/or Perkins separately and/or jointly encouraged, aided and abetted and tortiously induced the other of them to breach the contractual duties those others owed to Plaintiff RWB thus interfering in contracts between RWB and its former employees. Such wrongful conduct was wanton and malicious.

39. As a direct and proximate consequence of such and other conduct, Plaintiff RWB has been and will continue to be damaged.

### FOURTH CLAIM FOR RELIEF
### UNFAIR COMPETITIONAND MISAPPROPRIATION/
### THREATENED MISAPPROPRIATION OF TRADE SECRETS

40. Plaintiff realleges and incorporates herein by reference the allegations set forth in the preceding paragraphs of this Complaint.

41. Plaintiff RWB possesses confidential and trade secret information, and has made reasonable efforts to maintain the secrecy and confidentiality of such information and secrets.

42. Through improper means, Defendants knowingly misappropriated, acquired or by improper means used, and/or are threatening to misappropriate, acquire and use, for their own benefit or the benefit of others the confidential and proprietary information and trade secrets of Plaintiff RWB, inevitably and otherwise, in violation of the Uniform Trade Secrets Act and other applicable law. Through these and other improper means, Defendants have engaged in unfair competition with Plaintiff RWB.

43. As a direct and proximate result of such intentional, deliberate, knowing, willful, malicious, wanton, and/or utterly reckless conduct by Defendants, Plaintiff RWB has been and will continue to be damaged; Plaintiff is also entitled to injunctive relief.

## FIFTH CLAIM FOR RELIEF
## CIVIL THEFT AND CONVERSION

44. Plaintiff realleges and incorporates herein by reference the allegations set forth in the preceding paragraphs of this Complaint.

45. Defendant Crawford has intentionally, wrongfully, wantonly and maliciously converted to his own benefit, or to the benefit of a third party, the goodwill and property of Plaintiff RWB to accomplish improper/illicit objectives at the expense and to the damage of Plaintiff RWB, and threatens to inevitably do so in the future.

46. As a direct and proximate result of such and other conduct Plaintiff RWB has been and will continue to be damaged. The tortiously obtained and unwarranted salary and other benefits realized by the Defendant Crawford through his employment should be ordered disgorged by this Honorable Court to the full extent they are a product of conversion.

47. Defendant Perkins has intentionally, wrongfully, wantonly and maliciously converted to his own benefit, or to the benefit of a third party, the goodwill and property of Plaintiff RWB to accomplish improper/illicit objectives at the expense and to the damage of Plaintiff RWB, and threatens to inevitably do so in the future.

48. As a direct and proximate result of such and other conduct Plaintiff RWB has been and will continue to be damaged. The tortiously obtained and unwarranted salary and other benefits realized by the Defendant Perkins through his employment

should be ordered disgorged by this Honorable Court to the full extent they are a product of conversion.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff RWB demands prays that the Court:

    a.      Grant Plaintiff judgment against Defendant Crawford, jointly and severally with the other Defendants for compensatory damages in an amount to be shown at trial;

    b.      Grant Plaintiff judgment against Defendant Perkins, jointly and severally with the other Defendants for compensatory damages in an amount to be shown at trial;

    c.      Grant Plaintiff preliminary and permanent injunctive relief against Defendant Crawford enjoining him (i) from further breach or threatened breach of his agreements with Plaintiff RWB, (ii) from future employment in breach of his promise of non-competition, and (iii) from use or misappropriation or future use or misappropriation of RWB's confidential information and trade secrets, together with such other legal and equitable relief as is warranted by the evidence;

    d.      Granting Plaintiff preliminary and permanent injunctive relief against Defendant Perkins enjoining him (i) from further breach or threatened breach of his agreement with Plaintiff RWB and (ii) from use or

misappropriation or future use or misappropriation of RWB's confidential information and trade secrets, together with such other legal and equitable relief as is warranted by the evidence;

    e.    g.    Granting preliminary and permanent injunctive relief against each of the Defendants (i) terminating their unlawful conspiracy(ies), (ii) enjoining them from further conversion or use of Plaintiff RWB's confidential and trade secret information, and (iii) enjoining them from tortious interference or attempts to interfere in contractual duties owed to Plaintiff RWB, together with such other legal and equitable relief as is warranted by the evidence;

    f.    An order in equity compelling Defendants, and each of them, to disgorge to Plaintiff RWB any and all ill-gotten gains, and a preliminary order requiring the Defendants to sequester and hold in trust their ill-gotten gains pending final outcome of this matter;

    g.    Requiring that Defendants bear the costs of this action, jointly and severally, together with Plaintiff RWB's reasonable attorneys' fees and litigation expenses;

    h.    Such other legal and equitable relief as is warranted by the evidence.

                                        HEYMAN ENERIO
                                        GATTUSO & HIRZEL LLP

                                        */s/ Melissa N. Donimirski*
                                        Melissa N. Donimirski (# 4701)
                                        300 Delaware Avenue, Suite 200
                                        Wilmington, DE 19801
                                        (302) 472-7300
                                        *Attorneys for Plaintiffs*

OF COUNSEL:

BUCKINGHAM, DOOLITTLE
 & BURROUGHS, LLC
Stephen H. Jett
Dale A. Nowak
1375 East Ninth Street, Suite 1700
Cleveland, OH  44114
(216) 736-4241

Dated:  August 2, 2022

14

ORIGINAL

EFiled: Aug 17 2022 08:21AM EDT
Transaction ID 67938798
Case No. 2022-0675-JTL



## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| RACE WINNING BRANDS, INC., | : |
| Plaintiff, | : |
| v. | : C.A. No. 2022-0675-JTL |
| | : **SUMMONS Pursuant to** |
| SEAN CRAWFORD and | : **10** *Del. C.* **§ 3104** |
| EVAN PERKINS, | : |
| Defendants. | : |

THE STATE OF DELAWARE

TO:   SPECIAL PROCESS SERVERS –PARCELS INC.:

**YOU ARE COMMANDED**:

To summon the above named defendant, **EVAN PERKINS**, so that, within 20 days after service hereof upon defendants, exclusive of the day of service, defendants shall serve upon Melissa N. Donimirski, whose address is , an Answer to Complaint.

To serve upon defendant, **EVAN PERKINS**, a copy hereof and of the complaint.

TO THE ABOVE NAMED DEFENDANTS:

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Dated: August 11, 2022

_Susan Judge_
Register in Chancery

C.A. # 2022-0675-JTL

RACE WINNING BRANDS, INC.,
Plaintiff,

v.

SEAN CRAWFORD and
EVAN PERKINS
Defendants.

## SUMMONS

Please effectuate service pursuant to 10 *Del. C.* § 3104 upon the below-listed defendant by way of FEDERAL EXPRESS (postage prepaid, signature requested) to the following address:

1. **Evan Perkins**
   2070 N. Shorewood Avenue
   Upland, California 91784

SERVICE TO BE COMPLETED BY SPECIAL PROCESS SERVER - PARCELS INC.

Melissa N. Donimirski (# 4701)
HEYMAN ENERIO
GATTUSO & HIRZEL LLP
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
*Attorneys for Plaintiffs*

## AFFIDAVIT OF SERVICE

### IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

RACE WINNING BRANDS, INC., )
                    Plaintiff, )
v. )
                                  ) C.A. No. 2022-0675-JTL
SEAN CRAWFORD and EVAN PERKINS, )
                    Defendants, )
)

STATE OF DELAWARE }
                        }ss.
COUNTY OF NEW CASTLE }

I, Zahid Nawaz, of the State of Delaware, County of New Castle, being duly sworn, says that on the 11th day of August, 2022, at 4:00 p.m. I personally served copy of a Summons, Verified Complaint and with supporting documents on **EVAN PERKINS**, 2070 N. Shorewood Avenue Upland, California 91784 via Federal Express/Adult Signature Required.

Tracking # 5783 0877 2226

_____

Subscribed and sworn before me
This 12th day of August, 2022
_____
Notary Public
My commission expires:

LISA M. JOYNER
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires May, 20, 2024



August 17, 2022

Dear Customer,

The following is the proof-of-delivery for tracking number: 578308772226

| Delivery Information: | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered To:** | Residence |
| **Signed for by:** | E.PERKINS | **Delivery Location:** | 2070 N SHOREWOOD AVE |
| **Service type:** | FedEx Priority Overnight | | |
| **Special Handling:** | Deliver Weekday; Residential Delivery; Adult Signature Required | | UPLAND, CA, 917841564 |
| | | **Delivery date:** | Aug 12, 2022 11:11 |

| Shipping Information: | | | |
|---|---|---|---|
| **Tracking number:** | 578308772226 | **Ship Date:** | Aug 11, 2022 |
| | | **Weight:** | 0.5 LB/0.23 KG |

**Recipient:**
Evan Perkins,
2070 N SHOREWOOD AVE
UPLAND, CA, US, 917841564

**Shipper:**
PRODUCTION CENTER, PARCELS INC.
230 North Market Street
Wilmington, DE, US, 19801

| | |
|---|---|
| **Reference** | Heyman - Race Winning |
| **Department Number** | SOP |



Thank you for choosing FedEx